Stephen Shaiken, Esq. (Bar No. 90915)
LAW OFFICES OF STEPHEN SHAIKEN
170 Columbus Avenue, Suite 100
San Francisco, CA 94133-5102
Telephone: (415) 248-1012
Facsimile: (415) 248-0019

Attorneys for Plaintiff
ENRIQUE AYALA-CANJURA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE AYALA-CANJURA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF EAST PALO ALTO, a municipality; RONALD L. DAVIS, an individual; J. WOHLER, an individual; SHANTE WILLIAMS, an individual; ANGEL M. SANCHEZ, an individual; DOES 1 -10,<br><br>Defendants. | Case No: CV 08 1714 SBA<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO U.S.C. SECTION 1983 ALLEGING EXCESSIVE FORCE AND PENDANT CAUSES OF ACTION FOR BATTERY, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ENRIQUE AYALA-CANJURA ("plaintiff") complains against defendants, and each of them, demands a trial by jury on all issues, and alleges as follows:

**PARTIES**

1. At all relevant times herein mentioned plaintiff, ENRIQUE AYALA-CANJURA ("Plaintiff") was and is a resident of the State of California, County of San Mateo.

2. At all relevant times herein mentioned, defendant CITY OF EAST PALO ALTO was a municipality duly incorporated and organized under the laws of the State of California situated in

the County of San Mateo. The term "defendant City" will refer to defendant City of East Palo Alto, their agents, supervisors, employees, and officers, and each of them, unless otherwise indicated.

3. At all relevant times herein mentioned defendants, J. WOHLER, badge number 2028, SHANTE WILLIAMS, badge number 2140, ANGEL M. SANCHEZ, badge number 2131, (collectively referred to herein as "Defendant Officers") were duly appointed police officers of the City of East Palo Alto Police Department. At all times mentioned these defendants acted toward plaintiff under color of statutes, ordinances, regulations, policies, customs, and usages of the State of California, City of East Palo Alto and the East Palo Alto Police Department. They are sued individually and in their official capacities.

4. At all relevant times herein mentioned defendant, Ronald L. Davis, was the duly appointed and acting police chief of the police department of defendant City of East Palo Alto, and in that position and capacity, had the authority under state law and municipal practice of East Palo Alto, to formulate and oversee policies, practices, and customs of the police department and for the hiring, screening, training, supervision and discipline of police officers of the department. He is sued individually and in his official capacity. Further, in his position as police chief, defendant Ronald L. Davis had the authority and was responsible for investigating complaints of police misconduct and imposing discipline upon police officers and formulating policies, practices, and customs relating thereto. At all times mentioned herein Ronald L. Davis was acting under of color statutes, ordinances, regulations, policies, customs, and usages of the State of California and the City of East Palo Alto.

5. Plaintiff sues fictitious defendants, DOES 1 through 10, inclusive, pursuant to Code of Civil Procedure Section 474, because their names and/or capacities and/or facts showing them liable, are not presently known. Unless otherwise indicated, each defendant is sued as the agent and/or employee of every other defendant acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendants. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 and 1988 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4) and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide claims arising out of state law.

7. Venue in this court is proper pursuant to 42 U.S.C. §2000e-5(f)(3); 28 U.S.C. §1331 and 1343(a) 3 and 4.

8. Venue is properly placed in the Northern District of California, because all defendants are located here, and the acts and omissions complained of occurred within the City of East Palo Alto, in the Northern District of California.

## SUMMARY OF FACTS

9. Plaintiff, Enrique Ayala-Canjura, alleges that defendants violated certain rights guaranteed under the United States Constitution by wrongfully and without just cause injuring plaintiff by utilizing excessive force in the arrest of plaintiff. Defendants' failure to assert and/or maintain control over the police dog under their supervision, resulted in the attack and mauling of plaintiff, causing plaintiff serious bodily injury and severe emotional distress.

10. On April 11, 2006, a police dog handled by defendant WILLIAMS, viciously attacked and bit plaintiff on his left leg.

11. At the time of the attack, plaintiff did not hear any of Defendant Officers issue any verbal warning to plaintiff that they were about to deploy a police dog.

12. At the time of the attack, plaintiff was not fleeing the officers, was not in possession of a weapon, possessed no record of violence, and was not threatening the officers in any manner.

13. Without any provocation or justification, Defendant Officers deployed the police dog with an aggressive command that exceeded reasonable force required to detain plaintiff.

14. At the time of the attack, none of the police personnel present at the scene, including Williams, Wohler and Sanchez were able to exercise control over the police dog sufficient to stop

him from severely biting plaintiff.

15. At the time of the attack, the police personnel present at the scene, including Williams, Wohler and Sanchez , used excessive force in the apprehension of plaintiff.

**FIRST CAUSE OF ACTION - EXCESSIVE FORCE AGAINST DEFENDANT OFFICERS**

16. Plaintiff hereby refers to and by that reference incorporates paragraphs 1 through 15 as though fully set forth herein, and each and every allegation contained therein.

17. On April 11, 2006, plaintiff was present at 2041 Ralmar Street, East Palo Alto, California.

18. Defendant Officers arrived at the premises purportedly due to a call from a neighbor.

19. At the time of the dog attack, plaintiff was not attempting to commit any crime or to interfere with Defendant Officers' execution of their duties, and was not engaged in any assaultive behavior toward Defendant Officers.

20. The said mauling by the police dog under the custody and control of Defendant Officers was entirely unjustified by any actions of plaintiff and constituted an unreasonable and excessive use of deadly force.

21. The actions alleged above deprived plaintiff of the following rights under the United States Constitution:

a. Freedom from the use of excessive and unreasonable force.

b. Freedom from a deprivation of liberty without due process of law.

c. Freedom from summary punishment.

22. Defendant subjected plaintiff to such deprivations by either malice or a reckless disregard of plaintiff's rights.

23. The direct and proximate result of defendants' acts is that plaintiff has suffered severe and permanent injuries including severe scarring to his leg, was forced to endure great pain and mental suffering, and to incur medical and legal expenses, and was deprived of his physical liberty.

**SECOND CAUSE OF ACTION - EXCESSIVE FORCE AGAINST DEFENDANT POLICE CHIEF**

24. Plaintiff hereby refers to and by that reference incorporates paragraphs 1 through 23 as though fully set forth herein, and each and every allegation contained therein.

25. Defendant Ronald L. Davis, as Chief of Police for the City of East Palo Alto, knew or should have known in the exercise of due diligence that the police department's policies and procedures related to canine training were non-existent and/or inadequate and it was foreseeable that such lack of policies directed at the necessary and appropriate training and use of canines in police work would result in violent attacks such as this.

26. Defendant Ronald L. Davis, failed to take any preventative or remedial measures to guard against the conduct of the Defendant Officers more fully set forth and described herein. Had defendant Davis taken such measures, plaintiff would not have suffered the deprivation of his rights fully set forth herein. The failure of defendant Davis amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by plaintiff. Defendant Davis's failure to adequately train, instruct, and supervise Defendant Officers with respect to the necessary and appropriate use of canines resulted in plaintiff's damages.

27. As a direct and proximate result of the afore described unlawful and malicious acts of defendant, plaintiff was deprived of his right to be secure in his person against unlawful and unreasonable seizure of his person, to the equal protection of the laws, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and 42 U.S.C. § 1986.

**THIRD CAUSE OF ACTION - EXCESSIVE FORCE AGAINST DEFENDANT MUNICIPALITY**

28. Plaintiff hereby refers to and by that reference incorporates paragraphs 1 through 27 as though fully set forth herein, and each and every allegation contained therein.

29. At all times relevant, defendant City permitted, encouraged, tolerated and ratified a pattern and practice of improper training and control over police dogs by police officers.

Specifically, the systemic deficiencies include but are not limited to:

a. defendant's failure to implement adequate policies and procedures to implement departmental standards for regulating the control of canine units for canine usage and deployment in felony and misdemeanor actions;

b. defendant's failure to adequately train and instruct its officers with respect to appropriate commands related to the deployment of canines, ensuring alacrity in the canines' response to the handlers' commands;

c. defendant's failure to discipline officers involved in any manner with known incidents of dog attacks.

d. defendant refusal to investigate complaints of previous incidents of wrongful dog attacks, and instead, determine that such incidents were justified and proper.

e. defendant's procedures, by means of both inaction and a cover-up, of such improper training and control of dogs, encouraged police officers employed by it to believe that improper handling of the police dogs was permissible.

30. Defendant has maintained no system of review of dog training which system has failed to identify instances of improper training and control of dogs or to discipline, more closely supervise, or retrain officers who in fact improperly failed to train and exercise control over the police dogs.

31. On information and belief, the systemic deficiencies include but are not limited to:

a. preparation of investigative reports designed to vindicate the improper training and control of dogs, regardless of whether such actions were sufficient.

b. preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnesses.

c. preparation of investigative reports which omit factual information and physical evidence which contradict the accounts of the officers involved.

d. issuance of public statements exonerating officers involved in such incidents prior to

the completion of investigation.

e. failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

32. Defendant also maintains a system of grossly inadequate training pertaining to the law of permissible use of police dogs and such program fails to meet standard police training principles and criteria which mandate that it is the handler who makes the decision to escalate or de-escalate the dog's level of response, and that in any type of search condition, the handler must have complete control over the action of the dogs.

33. The foregoing acts, omissions, and systemic deficiencies are policies and customs of defendant and such caused police officers of defendant to be unaware of the rules and laws governing property control and training of police dogs and to believe that such control are entirely within the discretion of the officer and that incidents involving improper training and control would not be honestly and properly investigated, all with the foreseeable result that officers are more likely to use deadly force in situations where such force is neither necessary nor reasonable nor legal.

34. As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of defendants, co-defendants improperly lost control of the police dog and allowed it to maul plaintiff.

**PENDANT CAUSES OF ACTION**

**FOURTH CAUSE OF ACTION**
**BATTERY AGAINST DEFENDANT OFFICERS**

35. Plaintiff hereby refers to and by that reference incorporates paragraphs 1 through 34 as though fully set forth herein, and each and every allegation contained therein.

36. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

37. On about September 18, 2006, plaintiff filed a claim for his injuries and deprivation of rights with the City of East Palo Alto. At no time did the City of East Palo reject or respond to

plaintiff's claim.

38. At the time of the shooting herein, Defendant Officers were acting within the scope of their authority as officers of the police department of defendant City of East Palo Alto.

39. Said force used against plaintiff was excessive and constituted a battery under the law of the State of California.

40. Defendant Officers' lack of training and control of the police dog resulted in the battery of plaintiff.

41. As a result of the battery, plaintiff suffered damages as aforesaid.

42. As a direct and proximate result of defendant's alleged conduct, plaintiff was injured in his health, strength, and activity, which injuries have caused, and will continue to cause plaintiff great mental, nervous, physical, and emotional pain and suffering, including but not limited to grief, shame, humiliation, embarrassment, anger, chagrin, frustration, worry and anxiety, all to his further general damages in an amount to be proven at trial.

43. In conducting themselves in the manner described herein, defendants, and each of them, acted intentionally, entitling plaintiff to an award of exemplary damages in a sum to be determined by the trier of fact.

44. Plaintiff has incurred and will continue to incur legal expenses and attorneys fees. Plaintiff is presently unaware of the exact amount of such expenses and fees.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter more fully set forth.

**FIFTH CAUSE OF ACTION**
**NEGLIGENCE AGAINST DEFENDANT OFFICERS**

45. Plaintiff hereby refers to and by that reference incorporates paragraphs 1 through 44 as though fully set forth herein, and each and every allegation contained therein.

46. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

47. On about September 18, 2006, plaintiff filed a claim for his injuries and deprivation

of rights with the City of East Palo Alto. At no time did the City of East Palo reject or respond to plaintiff's claim.

48. At the time of the shooting herein, Defendant Officers were acting within the scope of their authority as officers of the police department of defendant City of East Palo Alto.

49. Defendants owed plaintiff a duty not to take any actions, within or without the scope of their employment, which would cause infliction of emotional distress upon plaintiff. Defendants knew or should have known that the actions they took as set forth in this Complaint, within or without scope of their employment, would result in the infliction of bodily harm to plaintiff.

50. Defendant Officers negligently, carelessly, recklessly and unlawfully deployed the police dog to apprehend plaintiff with a command that was improper and utilized excessive force.

51. At the aforementioned date, time and place, as a direct and proximate result of the aforementioned negligence, recklessness, and unlawfulness of defendants, plaintiff suffered an injury.

52. Said force used against plaintiff was excessive.

53. Defendant Officers' lack of control of the police dog resulted in the battery of plaintiff.

54. As a result of the battery, plaintiff suffered damages as aforesaid.

55. As a direct and proximate result of defendant's alleged conduct, plaintiff was injured in his health, strength, and activity, which injuries have caused, and will continue to cause plaintiff great mental, nervous, physical, and emotional pain and suffering, including but not limited to grief, shame, humiliation, embarrassment, anger, chagrin, frustration, worry and anxiety, all to his further general damages in an amount to be proven at trial.

56. In conducting themselves in the manner described herein, defendants, and each of them, acted with negligence and recklessness, entitling plaintiff to an award of exemplary damages in a sum to be determined by the trier of fact.

57. Plaintiff has incurred and will continue to incur legal expenses and attorneys fees. Plaintiff is presently unaware of the exact amount of such expenses and fees.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter more fully set forth.

**SIXTH CAUSE OF ACTION - NEGLIGENCE AGAINST DEFENDANT MUNICIPALITY**

58. Plaintiff hereby refers to and by that reference incorporates paragraphs 1 through 57 as though fully set forth herein, and each and every allegation contained therein.

59. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

60. On about September 18, 2006, plaintiff filed a claim for his injuries and deprivation of rights with the City of East Palo Alto. At no time did the City of East Palo reject or respond to plaintiff's claim.

61. Defendants owed plaintiff a duty not to take any actions, within or without the scope of their employment, which would cause infliction of emotional distress upon plaintiff. Defendants knew or should have known that the actions they took as set forth in this Complaint, within or without scope of their employment, would result in the infliction of bodily harm to plaintiff.

62. Defendant City negligently, carelessly, recklessly and unlawfully permitted, encouraged, tolerated and ratified a pattern and practice of improper training and control over police dogs by police officers.

63. At the aforementioned date, time and place, as a direct and proximate result of the aforementioned negligence, recklessness, and unlawfulness of defendants, plaintiff suffered an injury. Specifically, the negligent acts included, but are not limited to:

a. defendant's failure to implement adequate policies and procedures to implement departmental standards for regulating the control of canine units for canine usage and deployment in felony and misdemeanor actions;

b. defendant's failure to adequately train and instruct its officers with respect to appropriate commands related to the deployment of canines, ensuring alacrity in the canines' response to the handlers' commands;

c. defendant's failure to discipline officers involved in any manner with known incidents of dog attacks.

d. defendant refusal to investigate complaints of previous incidents of wrongful dog attacks, and instead, determine that such incidents were justified and proper.

e. defendant's procedures by means of both inaction and a cover-up of such improper training and control of dogs, encouraged police officers employed by it to believe that improper handling of the police dogs was permissible.

64. Defendant has maintained no system of review of dog training which system has failed to identify instances of improper training and control of dogs or to discipline, more closely supervise, or retrain officers who in fact improperly failed to train and exercise control over the police dogs.

65. On information and belief, the systemic deficiencies include but are not limited to:

a. preparation of investigative reports designed to vindicate the improper training and control of dogs, regardless of whether such actions were sufficient.

b. preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnesses.

c. preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved.

d. issuance of public statements exonerating officers involved in such incidents prior to the completion of investigation.

e. failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

66. Defendant also maintains a system of grossly inadequate training pertaining to the law of permissible use of police dogs and such program fails to meet standard police training principles and criteria which mandate that it is the handler who makes the decision to escalate or de-escalate

the dog's level of response, and that in any type of search condition, the handler must have complete control over the action of the dogs.

67. The foregoing acts, omissions, and systemic deficiencies are policies and customs of defendant and such caused police officers of defendant to be unaware of the rules and laws governing property control and training of police dogs and to believe that such controls are entirely within the discretion of the officer and that incidents involving improper training and control would not be honestly and properly investigated, all with the foreseeable result that officers are more likely to use deadly force in situations where such force is neither necessary nor reasonable nor legal.

68. As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of defendants, co-defendants improperly lost control of the police dog and allowed it to maul plaintiff.

69. As a direct and proximate result of defendant's alleged conduct, plaintiff was injured in his health, strength, and activity, which injuries have caused, and will continue to cause plaintiff great mental, nervous, physical, and emotional pain and suffering, including but not limited to grief, shame, humiliation, embarrassment, anger, chagrin, frustration, worry and anxiety, all to his further general damages in an amount to be proven at trial.

70. In conducting themselves in the manner described herein, defendants, and each of them, acted with negligence and recklessness, entitling plaintiff to an award of exemplary damages in a sum to be determined by the trier of fact.

71. Plaintiff has incurred and will continue to incur legal expenses and attorneys fees. Plaintiff is presently unaware of the exact amount of such expenses and fees.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter more fully set forth.

## SEVENTH CAUSE OF ACTION - NEGLIGENCE AGAINST DEFENDANT POLICE CHIEF

72. Plaintiff hereby refers to and by that reference incorporates paragraphs 1 through 71 as though fully set forth herein, and each and every allegation contained therein.

73. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

74. On about September 18, 2006, plaintiff filed a claim for his injuries and deprivation of rights with the City of East Palo Alto. At no time did the City of East Palo reject or respond to plaintiff's claim.

75. Defendant owed plaintiff a duty not to take any actions, within or without the scope of his employment, which would cause infliction of emotional distress upon plaintiff. Defendant knew or should have known that his the actions he took or failed to take as set forth in this Complaint, within or without scope of his employment, would result in the infliction of bodily harm to plaintiff.

76. Defendant Ronald L. Davis, as Chief of Police for the City of East Palo Alto, knew or should have known in the exercise of due diligence that the police department's policies and procedures related to canine training were non-existent and/or inadequate and it was foreseeable that such lack of policies directed at the necessary and appropriate training and use of canines in police work would result in violent attacks such as this.

77. Defendant Ronald L. Davis, failed to take any preventative or remedial measures to guard against the conduct of the other defendant officers more fully set forth and described herein. Had defendant Davis taken such measures, plaintiff would not have suffered the deprivation of his rights fully set forth herein. The failure of defendant Davis amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by plaintiff. Defendant Davis's failure to adequately train, instruct, and supervise defendant officers with respect to the necessary and appropriate use of canines resulted in plaintiff's damages.

78. As a direct and proximate result of defendant's alleged conduct, plaintiff was injured in his health, strength, and activity, which injuries have caused, and will continue to cause plaintiff great mental, nervous, physical, and emotional pain and suffering, including but not limited to grief, shame, humiliation, embarrassment, anger, chagrin, frustration, worry and anxiety, all to his further general damages in an amount to be proven at trial.

79. In conducting themselves in the manner described herein, defendants, and each of

them, acted with negligence and recklessness, entitling plaintiff to an award of exemplary damages in a sum to be determined by the trier of fact.

80. Plaintiff has incurred and will continue to incur legal expenses and attorneys fees. Plaintiff is presently unaware of the exact amount of such expenses and fees.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter more fully set forth.

**EIGHTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST ALL DEFENDANTS**

81. Plaintiff hereby refers to and by that reference incorporates paragraphs 1 through 80 as though fully set forth herein, and each and every allegation contained therein.

82. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

83. On about September 18, 2006, plaintiff filed a claim for his injuries and deprivation of rights with the City of East Palo Alto. At no time did the City of East Palo reject or respond to plaintiff's claim.

84. Defendants owed plaintiff a duty not to take any actions, within or without the scope of their employment, which would cause infliction of emotional distress upon plaintiff. Defendants knew or should have known that the actions they took as set forth in this Complaint, within or without scope of their employment, would result in the infliction of emotional distress.

85. The above-said acts by defendants, and each of them, constituted intentional infliction of emotional distress on plaintiff. Specifically, defendants knew or should have known that serious emotional distress would result as a consequence of the actions complained of. Defendants knew or should have known that a breach of their duty to plaintiff would cause infliction of emotional distress to plaintiff. Specifically, defendants knew or should have known that the unfair and illegal treatment under the circumstances set forth in this Complaint, would result in the infliction of emotional distress to plaintiff, as a separate and distinct cause of action.

86. Defendants, and each of them, knew or should have known that plaintiff would suffer

serious mental distress following the vicious dog attack. As a direct and proximate result of these actions by defendants, and each of them, plaintiff has suffered severe emotional distress and special damages, was injured in his health, strength, and activity, which injuries have caused, and will continue to cause plaintiff great mental, nervous, physical, and emotional pain and suffering, including but not limited to grief, shame, humiliation, embarrassment, anger, chagrin, frustration, depression, worry and anxiety, all to his further general damages in an amount to be proven at the time of trial.

87. In conducting themselves in the manner described herein, defendants, and each of them, acted with fraud, oppression, and malice, entitling plaintiff to an award of exemplary damages in a sum to be determined by the trier of fact.

88. Plaintiff has incurred and will continue to incur legal expenses and attorneys fees. Plaintiff is presently unaware of the exact amount of such expenses and fees.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter more fully set forth.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter more for fully set forth.

**NINTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST ALL DEFENDANTS**

89. Plaintiff hereby refers to and by that reference incorporates paragraphs 1 through 85 as though fully set forth herein, and each and every allegation contained therein.

90. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

91. On about September 18, 2006, plaintiff filed a claim for his injuries and deprivation of rights with the City of East Palo Alto. At no time did the City of East Palo reject or respond to plaintiff’s claim.

92. Defendants owed plaintiff a duty to act reasonably in carrying out their professional responsibilities as they affected plaintiff; and, additionally, owed plaintiff a duty not to take any

actions, within or without the scope of their employment, which would cause infliction of emotional distress upon plaintiff. Defendants knew or should have known that the actions they took as set forth in this Complaint, within or without scope of their employment, would result in the infliction of emotional distress.

93. The above-said acts by defendants, and each of them, constituted negligent infliction of emotional distress on plaintiff. The injuries were not caused by actions within the normal employment relationship, but were caused solely by discrimination and the resulting pretextual termination of plaintiff. The injuries are not preempted by worker's compensation law, and are not employment disabilities within the meaning of the workers' compensation laws. Specifically, defendants knew or should have known that serious emotional distress would result as a consequence of the actions complained of. Defendants knew or should have known that a breach of their duty to provide plaintiff with continued employment given the circumstances would cause infliction of emotional distress to plaintiff. Specifically, defendants knew or should have known that the unfair and illegal treatment under the circumstances set forth in this Complaint, would result in the infliction of emotional distress to plaintiff, as a separate and distinct cause of action.

94. Defendants, and each of them, knew or should have known that plaintiff would suffer serious mental distress following the wrongful termination. As a direct and proximate result of these actions by defendants, and each of them, plaintiff has suffered severe emotional distress and special damages, was injured in his health, strength, and activity, which injuries have caused, and will continue to cause plaintiff great mental, nervous, physical, and emotional pain and suffering, including but not limited to grief, shame, humiliation, embarrassment, anger, chagrin, frustration, depression, worry and anxiety, all to his further general damages in an amount to be proven at the time of trial.

95. As a result of defendant employer's conduct, plaintiff has suffered and shall continue to suffer economic damages, including, but not limited to, lost earnings and loss of earning capacity, in an amount to be determined at trial.

96. In conducting themselves in the manner described herein, defendants, and each of

them, acted with fraud, oppression, and malice, entitling plaintiff to an award of exemplary damages in a sum to be determined by the trier of fact.

97. Plaintiff has incurred and will continue to incur legal expenses and attorneys fees. Plaintiff is presently unaware of the exact amount of such expenses and fees.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter more for fully set forth.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays judgment against defendants, and each of them as follows:

1. For general damages to be determined at trial;

2. For special damages in an amount to be determined at trial;

3. For exemplary damages under California Code of Civil Procedure, Section 3294, based upon the oppression, fraud, and malice of defendant and its agents, and upon the advance knowledge, conscious disregard, authorization, satisfaction, and acts of oppression, malice and fraud by the officers, chief and city, according to proof.

4. For attorney's fees as per statute.

5. Interest on damages according to proof at the legal judgment interest rate;

6. Costs of suit herein;

7. Pre-judgment interest at the legal rate of 10 percent per annum pursuant to the provisions of California Civil Code Section 2391;

8. Plaintiff demands a jury trial; and

9. For such other and further relief as this Court deems just and proper.

DATED: April 2, 2008 LAW OFFICES OF STEPHEN SHAIKEN

By: s/sshaiken

Stephen Shaiken
Attorneys for Plaintiff
Enrique Ayala-Conjura