1  Stephen Shaiken, Esq. (Bar No. 90915)
   LAW OFFICES OF STEPHEN SHAIKEN
2  170 Columbus Avenue, Suite 100
   San Francisco, CA 94133
3  Telephone: (415) 248-1012
   Fax: (415) 248-0019
4
   Attorney for Plaintiff
5
   Jeffrey M. Vucinich, Esq. (Bar No. 67906)
6  Patrick R. Co, Esq, (Bar Bo. 200160)
   CLAPP, MORONEY, BELLAGAMBA and VUCINICH
7  A PROFESSIONAL CORPORATION
   1111 Bayhill Drive, Suite 300
8  San Bruno, CA 94066
   (650) 989-5400 (650) 989 5499 FAX
9
   Attorneys for Defendants
10
                        UNITED STATES DISTRICT COURT
11
                       NORTHERN DISTRICT OF CALIFORNIA
12
                                   OAKLAND
13
   ENRIQUE AYALA-CANJURA          )    NO: C 08 01714 SBA
14                                )
              Plaintiff,          )    **JOINT CASE MANAGEMENT**
15        v                       )    **CONFERENCE STATEMENT**
   CITY OF EAST PALO ALTO, et al  )
16            Defendants          )    **Date:       7/2/08**
                                  )    **Time:       3:00 p.m.**
17 _____    )    **Courtroom:  3 (3d floor)**

18

19         **TO THE ABOVE ENTITLED COURT:**

20         The parties, by and through their respective counsel, hereby submit the following Joint Case

21 Management Conference Statement in compliance with Civil local rule 16-9 and the Standing Oder of

22 the Northern district; this statement also incorporates the require disclosures of FRCP Rule 26:

23

24 **1.)    Jurisdiction and Service:**  The parties agree that this Court has jurisdiction over this claim

25         brought pursuant to 42 U.S.C. 1983 and the pendant state claims.

26         Plaintiff contacted the East Palo Alto Police Department and was initially informed to serve the

27         East Palo Alto City Clerk.  Plaintiff served all defendants by mail to the City Clerk. The City

28         Clerk's office telephoned plaintiff and stated that they would  not accept service by mail and

would accept personal service for the City and for three officers still employed, but not for one officer who was no longer employed. Plaintiff then had a process server do so, and the city did actually accept service for all officers and the City itself. Counsel appeared for the City and informed plaintiff that they would be representing all defendants once service was accomplished and that they would inform plaintiff of the appropriate party to serve the officers. Plaintiff nevertheless called the Police Department again and this time was told to have the San Mateo County Sheriff, Civil Division, serve the officers. The Sheriff informed plaintiff's counsel that this was not correct. Plaintiff is still waiting to hear from the defense as to whom to serve on behalf of the officers. Plaintiff's position is that the officers have been properly served; defendants' position is that the individual defendants have not been served. Defense counsel for the city is attempting to contact the individually named defendants and obtain their authority to accept service on their behalf. This is acceptable to plaintiff if done in an expeditious manner.

2.) **Plaintiff's Facts:** Plaintiff, a minor, argued with his girlfriend and took her cell phone and rode off on his bicycle. The girlfriend called the police. While plaintiff was riding his bicycle away he saw a squad car and panicked. He ditched his bicycle and ran into the front yard of a home, hiding behind bushes. The police arrived with a canine, and ordered plaintiff to surrender. Plaintiff came out with his hands up and surrendered. The canine then attacked Plaintiff, biting and holding on to his leg and the officers were unable to have the dog release plaintiff's leg. Plaintiff suffered injuries and the issue is whether there was negligence in the training and/or manner in which the canine acted.

**Defendant's Facts**: Defendant City's police responded to a call regarding a burglar. Upon arriving with a K-9, the police became informed and believed that someone was hiding in the backyard of a house. The police issued orders and warnings for the individual to surrender, or that the K-9 would be released. The individual was warned that the K-9 would bite him if he did not come forward and surrender. The individual failed to reply, so the K-9 was released and apprehended the suspect as it was trained to do.

1  **3.)**  **Legal issues**:   did the actions of the police and their canine violate plaintiff's civil rights under 43 U.S.C §1983; did defendants owe plaintiff a duty of care which was violated by the actions of the police and their canine.

**4.)**  **Motions:**   At present, there are no motions anticipated before trial. It is anticipated that service of process and discovery will be accomplished without motions. There are no motions pending. If the case is tried, there will be motions in limine.

**5.)**  **Amendment of Pleadings:**   At this time none are anticipated.

**6.)**  **Evidence Preservation:**   This is not an issue as the parties intend to provide mutual discovery and are unaware of destruction of any evidence or potential evidence.

**7.)**  **Disclosures:**   Thee has been full compliance with the disclosure requirements of FRCP Rule 26. Counsel for plaintiff, Stephen Shaiken, and counsel for defendants, Patrick Co, have had numerous telephone discussions regarding the nature of the case and potential witnesses. The parties agree that witnesses relevant to the underlying facts are the officers and the plaintiff, and there should be no problem producing them for depositions. Other relevant witnesses, including medical personal, experts, plaintiff's family members, plaintiff's girlfriend and police officers involved will be made available. Should either party become aware of a witness, it will be disclosed promptly.

**8.)**  **Discovery:**   The parties agree that discovery will commence once all parties appear. The parties as noted above will produce witnesses for deposition. The parties will also serve interrogatories, document production requests, and where necessary, subpoena third parties. Medical records have been subpoenaed. The parties anticipate that discovery will be completed prior to the end of the year if not sooner.

**9.)**  **Class Action: n/a**

**10.)**  **Related Cases:**   none

**11.)**  **Relief:**   plaintiff seeks monetary damages. The damages will consist of the medical bills, pain and suffering. The medical damages will be based ion the final billing statements and general damages will be determined based on the testimony of the parties and any experts.

1  **12.)**  **Settlement and ADR:**    the parties agree to present this case for ENE
2  **13.)**  **Consent to Magistrate Judge for all Purposes:**    plaintiff will consent
3  **14.)**  **Other references:** this case is not suitable for binding arbitration, a special master, or Multi
4        District Litigation.
5  **15.)**  **Narrowing of Issues:**    the parties have already narrowed issues, i.e, plaintiff will not be
6        asserting that the detention itself was unlawful. The issue is stated above. The parties are
7        amenable to the sue of stipulations, motions, agreements and summaries where they would
8        narrow issues and/or save time, but no such instances are presently known to the parties.
9  **16.)**  **Expedited schedule-** the parties do not believe this case is appropriate for expedited scheduling
10 **17.)**  **Scheduling:** Discovery should be cut off April 15, 2009. Expert designation on or before June
11       15, 2009. Dispositive motions on or before August 13, 2009. Pretrial conference should occur
12       in late September, 2009 and trial shortly thereafter.
13       As is noted below, the parties agree that these date would best be set at a second case
14       management conference following ENE.
15 **18.)**  **Trial:** this should be a jury trial. Length of trial is expected to be 5-7 court days maximum.
16 **19.)**  **Disclosure of Non-Party Interested Entities or Persons:**  plaintiff has filed the certification
17       required under Civil Local Rule 3-16 and has certified that the are no such interest to report.
18       Defendants are not required to file.
19 **20.)**  **Other** Matters:    the parties agree that the best way to proceed in this matter would be to hold
20       a second case management conference after ENE has been completed.  The parties believe that
21       this will afford both sides a greater opportunity to assess resolution and to provide more concrete
22       dates for discovery and trial.
23 Dated June 25, 2008

                                       Respectfully submitted.
                                       THE LAW OFFICES OF STEPHEN SHAIKEN
                          By:     s.sshaiken
                                       Stephen Shaiken, Attorney for Plaintiff]

CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION

By:   s/pco
                Patrick R. Co, Attorney for Defendants

5